Loren **KARELLA**, Plaintiff,

v.

**AMERITECH INFORMATION SYSTEMS, INC.,** Defendant.

No. 95 C 7062.

United States District Court, N.D. Illinois, Eastern Division.

Dec. 23, 1996.

Loren Karella, Roselle, IL, pro se.

Benjamin Ghess, Ameritech Corp., Chicago, IL, for Ameritech Information Systems, Inc.

## MEMORANDUM OPINION

KOCORAS, District Judge.

This matter is before the court on defendant Ameritech Information Systems, Inc.'s motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. For the reasons set forth below, this motion is granted.

### A. Karella's Failure to Comply with Local Rule 12(N)

As an initial matter, we wish to note that in its Reply Memorandum in Support of its Motion for Summary Judgment, Ameritech has included what is purported to be a motion to strike Karella's "Answer to Defendant's Statement of Uncontested Facts". According to Local Rule 12, written notice of the intent to present a motion and a copy of the motion must be personally served to the opposing party at or before 4 p.m. of the second business day preceding the day on which the court will hear the motion. In addition, the motion must be accompanied by a notice of presentment specifying the day and time on which the motion is to be presented. *See* U.S.Dist.Ct., N.D.Ill., Gen.R. 12(B). This purported motion did not contain any such notice of presentment and was thus improperly presented before this court, and as such we must disregard it. However, because Karella's response to Ameritech's 12(M) Statement is fatally lacking under the Local Rules, we must strike it nonetheless.

■ It is established that "[a] district court has the power to strike a response to a motion for summary judgment when the non-moving party fails to comply with local rules regarding that response." *Rosemary B. On Behalf Of Michael B. v. Board of Education of Community High School District,* 52 F.3d 156, 158–59 (7th Cir.1995), citing *Bell, Boyd & Lloyd v. Tapy,* 896 F.2d 1101, 1103 (7th Cir.1990). These rules are to be strictly enforced, and the Seventh Circuit has repeatedly upheld grants of summary judgment when the non-movant failed to submit a factual statement in the correct form and thereby conceded the movant's version of the facts. *Waldridge v. American Hoechst Corp.,* 24 F.3d 918, 922 (7th Cir.1994)(citing numerous cases in which the Seventh Circuit has sustained grants of summary judgment in such circumstances). Karella's response to Ameritech's 12(M) statement does not meet the requirements of Local Rule 12(N), and we therefore must strike it.

■ As required under Local Rule 12(M), Ameritech included with its motion affidavits, the deposition of Karella, a supporting memorandum of law, and a statement of material facts to which it claims there is no genuine issue. *See* U.S.Dist.Ct., N.D.Ill., Gen.R. 12(M). However, Karella's response to Ameritech's filing consists of a memorandum in opposition to the motion for summary judgment and a response to Ameritech's Statement of Material Facts which consists merely of statements of "agree" or "disagree." This is clearly insufficient under Local Rule 12(N), which requires that a party opposing a motion for summary judgment serve and file:

(1) any opposing affidavits and other materials referred to in F.R.Civ.P. 56(e);

(2) a supporting memorandum of law; and

(3) a concise response to the movant's statement that shall contain:

(a) a response to each numbered paragraph in the moving party's statement, including, in the case of disagreement, specific references to the affidavits, parts of the record, and other supporting materials relied upon, and (b) a statement, consisting of short numbered paragraphs, of any additional facts that require the denial of summary judgment, including references to the affidavits, parts of the record, and other supporting materials relied upon.

. . .

U.S.Dist.Ct., N.D.Ill., Gen.R. 12(N). Karella's response to Ameritech's motion contained no supporting materials of any kind or any references to any supporting materials, and therefore did not comply with Rule 12(N).

We are not unmindful of the fact that Karella is proceeding *pro se* in this case. However, the Local Rules apply to everyone, and litigants in this court must undertake sufficient investigation to ensure that they comply with the procedural and substantive requirements of the Northern District of Illinois. We also note that counsel for Ameritech, upon receiving Karella's response to its motion, sent him a letter informing him that his memorandum contained no supporting documents and was thus in violation of Rule 12(N). In response, Karella filed a letter from a doctor, several income tax returns, and several items pertaining to his personal bankruptcy. He did not, however, give any indication of the relevance of these documents or cite to them in any manner, and they failed to correct the deficiencies. Therefore, since we find that Karella's response to Ameritech's motion is insufficient under Local Rule 12(N) and since Karella had ample notice and opportunity to correct the deficiencies, we must strike this response.

### B. Motion for Summary Judgment
### BACKGROUND

The following facts are gleaned from Ameritech's 12(M) Statement of Uncontested Facts. Since we have stricken Karella's 12(N) response for failure to comply with the Local Rules, we must accept these facts as true for purposes of this motion. U.S.Dist. Ct., N.D.Ill., Gen.R. 12(N)(3)(b); *Keesecker v. H.B. Fuller Co.*, 1994 WL 247112 at *1 (N.D.Ill.1994). Since the 12(M) Statement was twenty pages in length, we will only briefly summarize the pertinent facts and allegations below.

Plaintiff, Loren Karella ("Karella"), is an accountant who was employed by various accounting temporary employment services. In 1988, Karella was assigned to perform accounting-related services for defendant Ameritech Information Systems ("Ameritech"). Karella claims that he has an anxiety disorder which causes him to experience occasional panic attacks. This condition is allegedly visible in the form of facial tics and shaking, although Karella himself cannot see any physical manifestations of the disorder when he looks in a mirror and several doctors have also been unable to ascertain any visible effects. Karella was never told by anyone that they are aware that he has an anxiety problem, nor did he inform Ameritech of his condition.

On July 1, 1992, Karella's work unit at Ameritech was moved to a new floor, sharing space with Ameritech Development Company ("ADC"). Karella alleges that immediately upon arriving on the new floor, Randy Storch ("Storch"), an ADC employee, began to run around the office stating that there was a "mental patient" in the office. Prior to this time, Karella had never met Storch, and Karella's work did not require him to have any contact with Storch. In addition, Karella is unable to identify anyone in his office who witnessed Storch's behavior.

Over the next several months, ending on November 9, 1992 when Storch left ADC, Karella alleges that Storch and other ADC employees conducted an openly visible campaign to have him removed from Ameritech's office because of his mental condition. Karella alleges that, among other things, Storch or other employees contacted Karella's bank to obtain information about him, hired private investigators to investigate and follow Karella, tapped phones at Ameritech to obtain information about Karella, installed a burglar alarm device to detect Karella's movements, posted a sign about a mental patient working on the floor, attempted to photograph Karella with a hidden camera, and summoned police to Ameritech's office to have Karella removed. These allegations are based on conversations which Karella overheard or from assumptions Karella made based upon things that he saw.

Over one year after Storch left ADC, Karella was told that his services were no longer needed at Ameritech. Karella's termination was due to budgetary cutbacks at

Ameritech and not due to his alleged mental condition. Karella's supervisors were not even aware, until this present suit was filed, that Karella suffered from any potential disability, since Karella never informed anyone at Ameritech about his nervous condition. However, on May 18, 1994, Karella filed a charge with the Equal Employment Opportunity Commission ("EEOC"), alleging that he was terminated because of his disability. The EEOC declined to pursue the matter, and issued Karella a "right to sue" letter on November 7, 1995.

Subsequent to his departure from Ameritech, Karella's services were utilized by a number of different companies. At eight of these jobs, Karella's services were terminated within a short period of time. Karella alleges that these companies were contacted by Ameritech and told of his mental disorder; however, the companies deny that they were so contacted and have responded with legitimate reasons for Karella's dismissal.

On December 6, 1995, Karella filed this suit, alleging that he was discriminated against, harassed, and retaliated against by Ameritech. In response, Ameritech has filed the present motion for summary judgment. Before we turn to the merits of this motion, we outline the standard which guides our inquiry.

## LEGAL STANDARD

Summary judgment is appropriate if the pleadings, answers to interrogatories, admissions, affidavits and other material show "that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R.Civ. P. 56(b). Only disputes over facts "that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Derrico v. Bungee Int'l. Mfg. Co.*, 989 F.2d 247, 250 (7th Cir.1993) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986)). The party seeking summary judgment carries the initial burden of showing that no such issue of material fact exists. Pursuant to Rule 56(b), when a properly supported motion for summary judgment is made, the adverse party

must set forth specific facts showing that there is a genuine issue as to any material fact and that the moving party is not entitled to judgment as a matter of law. *Anderson*, 477 U.S. at 248–50, 106 S.Ct. at 2510–11; *Cleveland v. Porca Co.*, 38 F.3d 289, 295 (7th Cir.1994).

In making our determination, we are to draw inferences from the record in the light most favorable to the non-moving party. We are not required, however, to draw every conceivable inference, but rather only those that are reasonable. *Tyler v. Runyon*, 70 F.3d 458, 467 (7th Cir.1995); *Richards v. Combined Ins. Co. of America*, 55 F.3d 247, 251 (7th Cir.1995). The nonmovant may not rest upon mere allegations in the pleadings or upon conclusory statements in affidavits; rather, he must go beyond the pleadings and support his contentions with proper documentary evidence. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); *Wallace v. Batavia School District 101*, 68 F.3d 1010, 1011–12 (7th Cir.1995).

The plain language of Rule 56(c) mandates the entry of summary judgment against a party who fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Lujan v. National Wildlife Federation*, 497 U.S. 871, 883, 110 S.Ct. 3177, 3186, 111 L.Ed.2d 695 (1990)(quoting *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552); *Green v. Whiteco Industries, Inc.*, 17 F.3d 199, 201 (7th Cir.1994)(also quoting *Celotex*). In such a situation there can be " 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial". *Jean v. Dugan*, 20 F.3d 255 (7th Cir.1994) (quoting *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2552).

It is in consideration of these principles that we examine the defendant's motion.

## DISCUSSION

Since we have stricken Karella's response to Ameritech's motion for summary judgment, all of the facts set forth in Ameritech's 12(M) statement are taken as true. As such,

there are no disputed issues of material fact in this case, and we must grant summary judgment to Ameritech. We wish to note, however, that even if we had not stricken Karella's response to the motion, we would have granted summary judgment to Ameritech because Karella's claims were either procedurally barred or because Karella failed to demonstrate that any genuine issues of material fact existed. We will briefly outline our reasons for so finding below.

In his complaint, Karella appears to allege that he was harassed, retaliated against, and discharged in violation of the Americans With Disabilities Act, 42 U.S.C. § 12101 *et seq.* ("ADA"). His harassment claim is procedurally barred in this case, however, and, even if his response had not been stricken, Karella failed to demonstrate that any issues of material fact existed with respect to his retaliation and discrimination claims.

The ADA has adopted the procedures set forth in Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), 42 U.S.C. § 2000 *et seq.* *See* 42 U.S.C. § 12117(a). Before a Title VII action can be brought in federal court, the plaintiff must first file a timely charge with the Equal Employment Opportunity Commission and receive a "right to sue" letter therefrom. *Alexander v. Gardner–Denver Co.,* 415 U.S. 36, 47, 94 S.Ct. 1011, 1019, 39 L.Ed.2d 147 (1974); *Equal Employment Opportunity Commission v. Harris Chernin, Inc.,* 10 F.3d 1286, 1288 n. 3 (7th Cir.1993). As a general rule, therefore, a plaintiff under Title VII (and hence the ADA) "cannot bring claims in a lawsuit that were not included in [the] EEOC charge." *Cheek v. Western and Southern Life Ins. Co.,* 31 F.3d 497, 500 (7th Cir.1994), citing *Alexander,* 415 U.S. at 47, 94 S.Ct. at 1019.

This rule, however, is not without some leeway. A plaintiff does not need to allege in the EEOC charge "each and every fact that combines to form the basis of each claim in [the] complaint." *Cheek,* 31 F.3d at 500, citing *Taylor v. Western and Southern Life Ins. Co.,* 966 F.2d 1188, 1195 (7th Cir. 1992). Rather, an EEOC charge encompasses the claims in a complaint if they are "like or reasonably related to the allegations of the charge and growing out of such allegations." *Cheek,* 31 F.3d at 500, quoting *Jenkins v. Blue Cross Mutual Hospital Ins. Inc.,* 538 F.2d 164, 167 (7th Cir.)(en banc), *cert. denied,* 429 U.S. 986, 97 S.Ct. 506, 50 L.Ed.2d 598 (1976)(other citations omitted). This test is satisfied if the allegations in the charge and the claims in the complaint have a reasonable relationship and the claim in the complaint "can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge." *Cheek,* 31 F.3d at 500; *see also Harper v. Godfrey Co.,* 45 F.3d 143, 148 (7th Cir.1995). Since the harassment allegations in this complaint do not bear a reasonable relationship to the charges in Karella's EEOC claim, we grant summary judgment to Ameritech on the harassment claims.

Karella's charge before the EEOC claimed only that he was discriminated against because of his disability when he was discharged from Ameritech. His allegations were basically that Ameritech had knowledge of his mental condition, that his job performance consistently met Ameritech's standards, that his condition was unrelated to his job ability, and that Ameritech's stated reasons for terminating him were mere pretext. *See* EEOC Charge, attached to Complaint. These allegations, however, do not lead to a reasonable inference that Karella was being harassed at his job, but merely that he was fired because of his alleged disability. As such, a charge of harassment does not bear a reasonable relationship to a charge of discrimination in this case, since one can be discriminated against because of a disability without ever having been harassed because of it. Karella's allegations in his EEOC charge did not reasonably suggest that he was being harassed, and he thus fails the first part of this test.

Since Karella failed to charge that he was being harassed in his complaint with the EEOC, he failed to meet a procedural requirement for filing a lawsuit with regard to this claim. As such, we must therefore grant summary judgment to Ameritech on this claim.

Karella also charges that he was retaliated against because of his disability. While the basis for this claim is unclear, the court has gleaned from the pleadings that it arises from a series of terminations Karella underwent subsequent to his discharge from Ameritech. In his deposition and his answer to interrogatories, Karella lists eight companies at which he was assigned after his discharge from Ameritech. His allegations are that these companies were contacted by some unknown person at Ameritech, who informed the company that Karella had a mental condition. As a result of these alleged phone calls, Karella was told by each of these companies that his services were no longer needed. In its motion, Ameritech attaches affidavits from five of these companies which unequivocally state that nobody from Ameritech contacted them and that they had legitimate business reasons for discontinuing the use of Karella at their companies. This evidence showed that Ameritech did not engage in such phone contact.

Karella, however, provided no evidence of his own to refute these claims. Karella's only "evidence" of any phone calls having taken place is the fact that the use of his services was discontinued by the respective companies, and he admitted in his deposition that he had no specific knowledge of anyone from Ameritech contacting these companies. *See* Karella Deposition at 440 lines 21–23. Additionally, Karella allegedly overheard conversations regarding Ameritech's having contacted these companies. In overhearing these conversations, however, Karella did not ever hear his name mentioned, but admits that he merely assumed that the people must have been talking about him. *See, e.g.,* Karella Deposition at 218.

Mere conclusions, however, are insufficient to defeat a motion for summary judgment. A nonmovant may not rest upon mere allegations in the pleadings or conclusory statements in affidavits, but must go beyond the pleadings and support his contentions with proper documentary evidence, something Karella has not done here. *Celotex,* 477 U.S. at 324, 106 S.Ct. at 2553. While we must make all reasonable inferences in favor of the non-moving party, we cannot infer from Karella's unsubstantiated allegations that Ameritech may have actually contacted these companies in the face of their denials of Ameritech having done so. Therefore, because Karella failed to present any *evidence* of these phone calls, and merely relied on his suppositions to prove that they occurred, summary judgment must be granted to Ameritech on the retaliation claims.

Finally, Karella maintains that he was terminated from his job at Ameritech because of his disability. To set forth a claim of discrimination under the ADA, a plaintiff must show: 1) that he is "disabled" within the meaning of the ADA; 2) that he is qualified for the job which he was performing; and 3) that the employer terminated him because of his disability. *Miller v. Dep't of Corrections of the State of Illinois,* 916 F.Supp. 863, 866 (C.D.Ill.1996), citing *White v. York Int'l Corp.,* 45 F.3d 357, 360 (10th Cir.1995). It seems to be undisputed that Karella was qualified for the job which he was performing and that he performed it up to Ameritech's expectations. However, Karella has failed to show that a genuine issue of material fact exists as to why he was terminated, and we must grant summary judgment to Ameritech.

In its motion, Ameritech includes an affidavit from Paulette Phillips, Karella's manager at Ameritech and the person who terminated Karella's employment. Ms. Phillips states that she was unaware of Karella's alleged disability and that his services were terminated because of budgetary cutbacks. *See* Affidavit of Paulette Phillips at 2–3. In addition, the affidavit states that after Karella left Ameritech, the position he held was eliminated. *Id.* In response, Karella provides no affidavits or deposition testimony from anyone, but rather relies on assertions that Ms. Phillips must have known about his disability because everyone could see physical manifestations of his nervousness. *See* Karella Deposition at 89. Karella's own testimony, unsupported by any other evidence whatsoever, is not enough to create an issue of material fact on this issue. Therefore, since there is no dispute that Karella's services were not terminated because of his disability, we must grant summary judgment

to Ameritech on the discrimination claim as well.

In sum, we must grant summary judgment to Ameritech on all counts of Karella's complaint because we have stricken his response and no genuine issues of material fact exist in this case. Even if we had not stricken his response, however, summary judgment still would have been appropriate because Karella completely failed to provide any items outlined in Fed.R.Civ.P. 56(c) and instead relied upon hearsay and personal opinion in his attempt to refute Ameritech's evidence. Because Karella failed to present any evidence whatsoever to back up his claims, there are no issues of contested fact in this case and we must grant Ameritech's motion as a matter of law.

## CONCLUSION

For the reasons set forth above, Ameritech's motion for summary judgment is granted with respect to all counts of the complaint.