*In re* MARRIAGE OF ANNE P. ORMISTON, Petitioner-Appellant, and CHARLES M. ORMISTON, Respondent-Appellee.

First District (4th Division) No. 86—2883

Opinion filed April 14, 1988.

Nancy C. Pascucci, of Pascucci & Evola, of Chicago, for appellant.

Charles M. Ormiston, appellee *pro se.*

JUSTICE McMORROW delivered the opinion of the court:

Petitioner Anne Ormiston (Anne) appeals from an order of the circuit court of Cook County denying her petition for a rule to show

cause against respondent Charles Ormiston (Charles) for his alleged failure to make unallocated maintenance and child support payments. The trial court denied Anne's petition on the ground that Charles was not delinquent in his support payments because he was entitled to a credit for the total amount of a Federal income tax refund check in which both parties were named as payees. Anne received this check and negotiated it after the dissolution judgment was entered. The refund pertained to income earned solely by Charles and declared in the spouses' joint Federal income tax return for a year when Anne and Charles were still married. On appeal, Anne contends that Charles was entitled to only one-half of the amount stated in the Federal tax refund check, since the remainder of the check was her property. We reverse and remand.

BACKGROUND

On April 2, 1985, the trial court entered judgment dissolving the marriage of the parties. The dissolution judgment incorporated the terms of a property settlement agreement between Anne and Charles. Pursuant to that agreement, Charles was obligated to make payments of $600 per month for unallocated maintenance and child support. Except for those provisions relating to the deductibility of the maintenance payments and the tax consequences of the distribution of marital property, the dissolution judgment made no other reference to tax obligations. The agreement also recited that it was "made in full satisfaction" of the parties' rights, that, except as otherwise provided in the agreement, each party retained all property in his or her possession at the time of the agreement, and that each "waive[d] *** all property rights which he or she has or may hereafter have *** by reason of the marital relationship *** in *** the property of the other party."

Between April 2, 1985, the date on which the judgment dissolving the marriage was entered, and April 15, 1985, Charles filed joint Federal and State personal income tax returns, on behalf of both himself and Anne, for the tax year 1984. Charles signed Anne's name to the returns. He did not disclose to her that he was filing joint returns or that he signed her name to the returns. Anne did not work or receive separate income in 1984. Anne later received a Federal tax refund check for $2,990, payable to both her and Charles, based upon the joint 1984 Federal return. She endorsed the check in both names, cashed it, retained the entire proceeds, and applied half the amount of the check to Charles' support payments.

Meanwhile, Charles received the 1984 State tax refund check for $204 made payable to both parties. Charles negotiated this check and retained the full amount. When Charles learned of Anne's having cashed and retained the Federal tax refund, he withheld his required support payments as a setoff.

Anne filed a petition for a rule to show cause why Charles should not be held in contempt of court for his failure to make the payments called for in the dissolution judgment. Following a hearing, the trial court determined that because Anne had earned no income in the 1984 tax year, Charles was entitled to the full amount of the Federal tax return and a credit of this sum against the support funds owed to Anne. Based on these conclusions, the trial court denied Anne's petition for a rule to show cause and she appeals.[1]

OPINION

Anne argues that the Federal income tax refund based on the couple's joint return was the property of both Charles and herself. She claims that she is therefore entitled to half the amount, even though the refund check was received after the dissolution judgment was entered.

■ Where the "right to [an income tax] refund accrue[s] during the parties' marriage, *** the refund [is] *** treated as marital property." (*In re Marriage of Brooks* (1985), 138 Ill. App. 3d 252, 262, 486 N.E.2d 267, 273; see also *Moseley v. Moseley* (Mo. App. 1982), 642 S.W.2d 953; see generally *In re Marriage of Weinstein* (1984), 128 Ill. App. 3d 234, 244-45, 470 N.E.2d 551.) The fact that only one spouse generated the income upon which the tax refund is based does not preclude the other spouse from entitlement to a portion or all of the refund. See *In re Marriage of Bentley* (1980), 82 Ill. App. 3d 25, 29, 401 N.E.2d 1085; *cf. In re Marriage of Kaplan* (1986), 149 Ill. App. 3d 23, 32, 500 N.E.2d 612; *In re Marriage of Burt* (1986), 144 Ill. App. 3d 177, 494 N.E.2d 868.

■ We hold that the Federal income tax refund, based upon income earned during the time the parties were married, is marital property subject to division. The Illinois Marriage and Dissolution of Marriage Act clearly provides that all property, including income, acquired by either spouse after marriage is marital property, irrespective of how title is held. (Ill. Rev. Stat. 1977, ch. 40, par. 503.) The

---

[1]Respondent has not filed a brief as appellee, but this will not preclude our consideration of the merits of this appeal. *First Capital Mortgage Corp. v. Talandis Construction Corp.* (1976), 63 Ill. 2d 128, 345 N.E.2d 493.

withheld tax payments were made after marriage and prior to dissolution with marital property. The refund represented a return by the Federal government of marital property to the parties. The fact that the refund was not received until after the marriage was dissolved does not change or detract from its characterization as marital property. The respective interests of the. parties in the refund could have been divided according to the agreement of the parties, or can be determined by the court in the absence of agreement of the parties.

■■ Charles argues that under the terms of the property settlement agreement, Anne "waive[d] *** all property rights which *** she has or may hereafter have *** by reason of the marital relationship *** in *** the property of the other party." By the terms of the agreement, Anne agreed to waive only any interest she may have had in Charles' property. She did not agree to waive her interest in her own property. Consequently, the settlement agreement did not preclude Anne from claiming an interest in the income tax refund as her own property. Because Charles was in arrears in support payments, the trial court could properly set off Charles' portion of the joint Federal tax refund as payment for the arrears. We hold that the trial court erred in denying Anne's petition for a rule to show cause on the basis that because Anne had no separate income in 1984, she had no property right in the refund check or on the basis that she waived her interest in the refund in the property settlement agreement.

For the reasons stated, the order of the circuit court is reversed and the cause remanded for further proceedings consistent herewith.

Reversed and remanded.

JOHNSON and LINN, JJ., concur.