Willie GREEN, III, Plaintiff–Appellant,

v.

WHITECO INDUSTRIES, INC. and Joel J. Nygra, Defendants–Appellees.

No. 93–2246.

United States Court of Appeals, Seventh Circuit.

Argued Dec. 7, 1993.

Decided Feb. 18, 1994.

Thomas A. Carton, James R. Branit (argued), Bullaro, Carton & Stone, Chicago, IL, for defendant-appellee.

Joel J. Nygra, pro se.

Before BAUER, WOOD, Jr., and FLAUM, Circuit Judges.

HARLINGTON WOOD, Jr., Circuit Judge.

Willie Green, III ("plaintiff") filed a two-count diversity complaint against the defendants, Whiteco Industries, Inc. ("Whiteco") and Joel J. Nygra ("Nygra"). He alleged that he suffered damage to his ear and hearing loss when a sound blast occurred during a concert in which he was performing. Count I of the complaint alleged negligence against Whiteco—the concert promoter and owner of the theater, and Nygra—one of the operators of the sound system. Count II alleged strict products liability against Whiteco only. The magistrate entered summary judgment in favor of Whiteco and Green appealed.[1]

I.

Plaintiff is a drummer in the band "The Neville Brothers." On the night of July 7, 1988, this band was performing at the Holiday Star Theater in Merrillville, Indiana. Whiteco owned and operated the theater. Whiteco had contracted with the Neville Brothers to perform at the theater. The contract provided in part that Whiteco would provide a "professional quality sound system . . . and engineer/operator." Whiteco provided a sound system, which it had leased from another party, and hired Joel Nygra to operate the sound system for that concert.

Plaintiff alleged in his complaint that during the concert he signalled to the stagehand that he needed to hear more saxophone from his speaker, which was three feet from his head. He next alleged that the stagehand relayed this message to Nygra. Finally he alleged that after the stagehand gave this message to Nygra, the volume of the speaker shot upward causing a sound blast and knocking plaintiff from his stool. Plaintiff

Miles Trapolin, New Orleans, LA (argued), for plaintiff-appellant.

1. Green voluntarily dismissed Nygra from the suit.

claimed that this sound blast permanently damaged his ear and caused hearing loss. Count I of the complaint alleged that the sound blast resulted from the negligence of Whiteco and Nygra. Count II alleged that the sound system was in a defective condition unreasonably dangerous and Whiteco should be liable for strict products liability.

Whiteco filed two motions for summary judgment. In the first motion, the court ruled that Whiteco could not be liable for products liability under Indiana law[2] because it did not fit the definition of a "seller." It also held that Whiteco could not be held vicariously liable for any negligent acts of Nygra because, based on the undisputed facts, Nygra was an independent contractor. In the next motion for summary judgment Whiteco argued that it was entitled to judgment because there was no question of fact and there was absolutely no evidence that it breached any duty to provide a safe sound system or sound system monitor. The court granted the motion stating that there was no evidence that a sound blast occurred. In fact the only evidence, the court found, showed that the sound system operated properly the entire evening.

After the court entered summary judgment in favor of Whiteco on the second motion, plaintiff filed a motion to reconsider that ruling and submitted affidavits from band members that a sound blast had occurred (i.e. that the sound system did not operate properly). The court denied the plaintiff's motion holding that he should have produced these affidavits during the pendency of the summary judgment motion. Plaintiff now appeals the grant of summary judgment on all counts.

## II.

■ We examine a grant of summary judgment under a *de novo* standard of review. *PPG Indus. v. Russell*, 887 F.2d 820, 823 (7th Cir.1989). On a motion for summary judgment, the moving party has the burden of demonstrating that there are no genuine questions of material fact and that he is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c). This burden "may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986).[3] Furthermore, the Supreme Court has held that

> the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against any party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party would bear the burden of proof at trial.

*Id.* at 322, 106 S.Ct. at 2552. Keeping these principles in mind we will examine the motions for summary judgment in reverse order below.

## A.

■ In its second motion for summary judgment, Whiteco specifically argued that there was not a shred of evidence that there was a defect with the sound system or that it operated improperly during the concert. Therefore, Whiteco argued, there could be no breach of a duty to provide, inspect and monitor a properly-functioning and safe sound system. In fact, as Whiteco noted to the court, the only evidence on this point was the deposition testimony of defendant Nygra, that showed the sound system operated perfectly; not only was there no sound blast, but there were no problems with the sound system whatsoever.[4]

---

2. In this suit, based upon diversity jurisdiction, both parties agree that Indiana substantive law applies.

3. Plaintiff argues that Whiteco bears the burden of producing some affirmative evidence negating an element of plaintiff's case. The Supreme Court expressly rejected this argument in *Celotex*, 477 U.S. at 325, 106 S.Ct. at 2554 (referring to the movant's burden, the court said: "we do not think the [current law] should be construed to mean that the burden is on the party moving for summary judgment to produce evidence showing the absence of a genuine issue of material fact....").

4. Plaintiff argued in its motion to reconsider the grant of summary judgment that it was improper for the court to consider the deposition testimony of Nygra because the deposition was not on file

■ One of the basic elements of negligence is a breach of a duty. *Lucas v. Dorsey Corp.*, 609 N.E.2d 1191, 1198 (Ind.Ct.App. 1993). Plaintiff would bear the burden of proof on this point at trial. *Id.* Even assuming that Whiteco had a duty to provide, maintain, or monitor a safe and properly-functioning sound system, plaintiff would still have to prove that Whiteco breached that duty by proving, at a minimum, that the system malfunctioned in some way.

■ According to the rule set forth in *Celotex*, once Whiteco pointed out to the court that there was no evidence of any problem with the sound system, plaintiff then had the burden of countering this by going "beyond the pleadings" and coming forth with specific facts to demonstrate the existence of a genuine, material, triable issue. *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553. Although plaintiff prepared a lengthy reply to Whiteco's motion, he failed to offer any evidence that the sound system malfunctioned or was otherwise defective (e.g., that a sound blast occurred). The case had been pending at this point for over two years, yet plaintiff was unable to produce even one affidavit supporting this positively crucial element of his case.[5] Even if we were to disregard the testimony of Nygra, as plaintiff erroneously argues we must, this would not bolster plaintiff's case; he still would have failed his burden to come forward with some evidence or specific facts suggesting a breach of duty. This "failure of proof concerning an essential element of [plaintiff's negligence count] necessarily renders all other facts immaterial" such that "there can be 'no genuine issue of material fact'" regarding Count I.[6] *Id.* at 323, 106 S.Ct. at 2552. Therefore we hold that Whiteco is entitled to summary judgment on Count I.[7]

## B.

■ Whiteco filed its first motion for summary judgment on July 19, 1990, arguing in part that it was entitled to judgment as a matter of law on the products liability count of the complaint (Count II). The court held that based on the undisputed evidence Whiteco, as a matter of law, was not a "seller"

---

and not attached to the motion as local rules required. For two reasons, we believe that plaintiff has waived this argument. First, raising this argument for the first time in the motion for reconsideration is not adequate to preserve the issue for appeal and definitively waives it. *Publishers Resource Inc. v. Walker–Davis Publications Inc.*, 762 F.2d 557, 561 (7th Cir.1985). Second, plaintiff himself relied on the very deposition he claims was improper in his replies to both summary judgment motions.

5. Plaintiff eventually offered evidence of a sound blast by way of affidavits in his motion for reconsideration. Motions for reconsideration, however, " 'cannot in any case be employed as a vehicle to introduce evidence that could have been adduced during the pendency of the summary judgment motion.' " *Publishers Resource*, 762 F.2d at 561 (quoting *Keene Corp. v. International Fidelity Ins. Co.*, 561 F.Supp. 656, 665–66 (N.D.Ill.1982)). Plaintiff argued that he could not have known that the malfunctioning of the sound system was in issue in the motion for summary judgment and therefore did not know that he should have brought forth any evidence on this point. We find this argument to be wholly implausible. Not only did Whiteco explicitly argue that it was not liable for negligence because the sound system operated without flaw, but the proper or improper functioning of the sound system was the central issue in the case. Plaintiff's failure to produce affidavits on this

issue, after two years of litigation, cannot be excused.

6. Therefore we need not address the issue of whether Nygra was an independent contractor or an employee, which relates to Whiteco's vicarious liability. This fact is immaterial in light of plaintiff's failure of proof on the breach of duty issue, an essential element of his case. We also reject Green's argument that the indemnity clause in his "contract raises [a] genuine issue of material fact." Green argues that his contract with Whiteco imposed a duty on Whiteco to indemnify him for any injuries occurring at the theater. Once again, because Green failed to offer any proof of an essential element of his case, the indemnity clause, by definition, cannot create a material question of fact.

7. Whiteco filed a Motion to Strike certain portions of plaintiff's reply brief arguing that the material consisted of new arguments not raised in the opening brief. Specifically these allegedly new materials pertained to Nygra's testimony regarding his employment status and a defect in the sound system. Because the arguments were not raised in the opening brief we deemed them waived, *Wilson v. O'Leary*, 895 F.2d 378, 384 (7th Cir.1990), and did not consider or rely on them. Thus there is no need to strike those portions of the appellant's reply brief and Whiteco's motion is denied.

for purposes of the Indiana products liability statute. It therefore granted Whiteco's motion for summary judgment on Count II.

Indiana law imposes strict products liability on any person

who sells, leases, or otherwise puts into the stream of commerce any product in a defective condition unreasonably dangerous ... if ... [t]he seller is engaged in the business of selling such a product....

Ind.Code Ann. § 33–1–1.5–3 (West Supp. 1993). The statute further defines "seller" as "a person engaged in business as a manufacturer, a wholesaler, a retailer, a lessor or a distributor." Ind.Code Ann. § 33–1–1.5–2 (West Supp.1993). Whiteco argued that it was not engaged in business in any of the capacities listed in the statute. It submitted an affidavit stating that it was not a manufacturer, retailer or wholesaler of sound systems. It is in the business of outdoor advertising and the ownership of hotels, restaurants, and entertainment centers. At trial, plaintiff would bear the burden of proving that Whiteco could be classified as a seller under the statute. Therefore, once Whiteco pointed out to the court that there was no credible evidence of this status, plaintiff then faced the burden of coming forth with evidence sufficient to show a "genuine issue for trial." *Celotex*, 477 U.S. at 324, 106 S.Ct. at 2553.

Plaintiff argued that Whiteco could be considered a "lessor" of the allegedly defective sound system. He referred the court to an entry under "Equipment Rentals" on Whiteco's Production Expense Account Report as evidence that Whiteco had regularly leased sound systems. This evidence, however, showed the exact opposite of what plaintiff was arguing. The report detailed Whiteco's expenses, not its income. Therefore, it was evidence that Whiteco regularly incurred an expense by leasing the sound system from other parties. The only inference we can draw from this report is that Whiteco was not a lessor of sound systems but a lessee. The statute in question does

not expose lessees to strict liability for defective products.

Even drawing all reasonable inferences in plaintiff's favor, he has failed to identify any evidence suggesting that Whiteco was "**engaged in business** as a manufacturer, a wholesaler, a retailer, a lessor or a distributor."[8] Consequently no reasonable jury would be able to conclude that Whiteco was a "seller" as that term is used in the Indiana statute. Plaintiff has failed to make a sufficient showing to establish this essential element of his case, on which he would have the burden of proof at trial; therefore, summary judgment in favor of Whiteco is not only proper but mandated. *Celotex*, at 322, 106 S.Ct. at 2552.

### III.

For the above reasons, the orders of the magistrate judge granting summary judgment in favor of Whiteco are

AFFIRMED.

---

**8.** This "complete failure of proof concerning an essential element of [plaintiff's claim] necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323, 106 S.Ct. at 2552. Therefore we need not address the issue of whether Whiteco actually placed a defective product in the stream of commerce.