In re Michael ROSENZWEIG, Chapter 7 Debtor.

A.V. Reilly International, Ltd., Plaintiff,

v.

Michael Rosenzweig, Defendant.

Bankruptcy No. 97 B 38192.
Adversary No. 98 A 01434.

United States Bankruptcy Court, N.D. Illinois, Eastern Division.

Oct. 14, 1999.

David E. Cohen, Ferleger & Cohen, Ltd., Chicago, IL, for Plaintiff.

Jessica Tovrov, Adam B. Goodman, Peterson & Ross, Chicago, IL, for Debtor/Defendant.

David E. Grochocinski, Grochocinski & Grochocinski, Orland Park, IL, trustee.

## MEMORANDUM OPINION

JOHN H. SQUIRES, Bankruptcy Judge.

This matter comes before the Court on the motion of Michael Rosenzweig (the "Debtor") pursuant to Federal Rule of Bankruptcy Procedure 9023, which incorporates by reference Federal Rule of Civil Procedure 59, to amend the judgment entered by this Court on August 19, 1999. For the reasons set forth below, the Court denies the motion.

## I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain this matter pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a), formerly known as General Rule 2.33(A), of the United States District Court for the Northern District of Illinois. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(I) and (J).

## II. FACTS AND BACKGROUND

On August 19, 1999, the Court issued a Memorandum Opinion and Order wherein the Court held that the debt owed by the Debtor to A.V. Reilly International, Ltd. ("Reilly") was non-dischargeable under 11 U.S.C. § 523(a)(6), and also denied the Debtor's discharge under 11 U.S.C. §§ 727(a)(2)(A) and 727(a)(4)(A). *See A.V. Reilly International, Ltd. v. Rosenzweig (In re Rosenzweig)*, 237 B.R. 453 (Bankr. N.D.Ill.1999). The Debtor argues that the Court, in finding the debt non-dischargeable under § 523(a)(6), misapplied the test set forth in *Kawaauhau v. Geiger*, 523 U.S. 57, 118 S.Ct. 974, 140 L.Ed.2d 90 (1998). In addition, the Debtor contends that in denying the Debtor a discharge under §§ 727(a)(2)(A) and 727(a)(4)(A), the Court made factual determinations that were unsupported by the record, namely that the Debtor failed to disclose on his original Schedules: (1) an income tax refund; (2) a second personal computer; (3) a loan from his father; and (4) that he and his wife had transferred their house to tenancy by the entirety within one year of filing bankruptcy. The Court will address each argument in turn.

## III. APPLICABLE STANDARDS

Rule 59(e) motions serve a narrow purpose and must clearly establish either a manifest error of law or fact or must present newly discovered evidence. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir.1996); *Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir.1986); *Publishers Resource, Inc. v. Walker–Davis*

*Publications, Inc.,* 762 F.2d 557, 561 (7th Cir.1985). "The rule essentially enables a district court to correct its own errors, sparing the parties and the appellate courts the burden of unnecessary appellate proceedings." *Russell v. Delco Remy Div. of General Motors Corp.,* 51 F.3d 746, 749 (7th Cir.1995) (citation omitted). The function of a motion to alter or amend a judgment is not to serve as a vehicle to relitigate old matters or present the case under a new legal theory. *Moro,* 91 F.3d at 876 (citation omitted); *King v. Cooke,* 26 F.3d 720, 726 (7th Cir.1994), *cert. denied,* 514 U.S. 1023, 115 S.Ct. 1373, 131 L.Ed.2d 228 (1995). Moreover, the purpose of such a motion "is not to give the moving party another 'bite of the apple' by permitting the arguing of issues and procedures that could and should have been raised prior to judgment." *Yorke v. Citibank, N.A. (In re BNT Terminals, Inc.),* 125 B.R. 963, 977 (Bankr.N.D.Ill.1990) (citations omitted). The rulings of a bankruptcy court "are not intended as mere first drafts, subject to revision and reconsideration at a litigant's pleasure." *See Quaker Alloy Casting Co. v. Gulfco Indus., Inc.,* 123 F.R.D. 282, 288 (N.D.Ill.1988). "A motion brought under Rule 59(e) is not a procedural folly to be filed by a losing party who simply disagrees with the decision; otherwise, the Court would be inundated with motions from dissatisfied litigants." *BNT Terminals,* 125 B.R. at 977. The decision to grant or deny a Rule 59(e) motion is within the Court's discretion. *See LB Credit Corp. v. Resolution Trust Corp.,* 49 F.3d 1263, 1267 (7th Cir.1995).

## IV. *DISCUSSION*

The Court finds that the Debtor has failed to present any newly discovered evidence that warrants amendment of the judgment. Further, the Court finds that the Debtor has failed to demonstrate any manifest error of fact or law that would require the granting of this motion.

### A. *The Court did not misapply the standard for § 523(a)(6) utilized in Geiger*

■ The Debtor argues that the Court misapplied the test utilized in *Geiger* when finding the debt non-dischargeable under § 523(a)(6). The Court finds that this argument lacks merit. In the Memorandum Opinion, the Court held that the Debtor's actions were both willful and malicious. 237 B.R. at 459. The Court found that the Debtor intended to commit the wrongful acts of violating the covenants under the employment contract with Reilly by setting up LMI with two Reilly employees and taking some of Reilly's customers with them. *Id.* The Court also found that the Debtor intended to injure Reilly's property interest in its protected trade secrets by diverting to LMI business which otherwise would have gone to Reilly. *Id.* The Debtor admitted that he knew what he was doing, and thus intended to cause the resulting injury to Reilly's property interests protected under the covenants in the contract, which survived his termination of employment with Reilly. Thus, the Court found the requirements in *Geiger* satisfied and found the debt non-dischargeable. There was no manifest error of law or fact. Consequently, the motion to amend the judgment must be denied on this ground.

### B. *The Court did not err in denying the Debtor's discharge under §§ 727(a)(2)(A) and 727(a)(4)(A)*

#### 1. *The tax refund*

■ The Court finds that the Debtor has failed to establish that the Court committed a manifest error of fact with respect to the tax refund. It is uncontroverted that although the Debtor listed the income tax refund on Amended Schedule C of exemptions, the tax refund was not listed on Schedule B. Furthermore, the Debtor never apprized the Trustee of the tax refund even though he had knowledge of it. *See* Trial Transcript at p. 57, lines 5–15. The Debtor admitted that he had knowledge of the tax refund, but failed to

disclose it to the Trustee or on the Schedules as an asset. That the Debtor claimed the tax refund exempt on Schedule C does not obviate his duty to disclose it on Schedule B. The Debtor cannot properly claim an asset exempt on Schedule C if he has not listed it as an asset on his Schedules A or B. Moreover, the fact that the Debtor had not yet received the tax refund does not excuse his failure to disclose it, because he knew that he was entitled to the refund and would be receiving it in the future. The Court rejects the Debtor's eleventh hour attempt to blame the "oversight" on his attorney.

The 1997 1040 United States Individual Income Tax Return that the Debtor attached as Exhibit C to the memorandum of law in support of the instant motion does not constitute newly discovered evidence. "[A] Rule 59(e) motion cannot be used to present evidence that *could and should* have been presented prior to the entry of final judgment." *In re Prince*, 85 F.3d 314, 324 (7th Cir.) (emphasis in original) (citation omitted), *cert. denied*, 519 U.S. 1040, 117 S.Ct. 608, 136 L.Ed.2d 534 (1996). When a party is made aware that a particular issue will be relevant to its case but fails to produce readily available evidence pertaining to that issue, the party may not introduce the evidence to support a Rule 59(e) motion. *Green v. Whiteco Indus., Inc.*, 17 F.3d 199, 202 n. 5 (7th Cir.1994). The Debtor had the opportunity to explain why he failed to disclose the income tax refund either on his original Schedule B, line 17 or at the 11 U.S.C. § 341 creditors' meeting. The Debtor failed to offer any credible explanation whatsoever. Hence, the Debtor has failed to establish that the Court made a manifest error of law or fact and has not proffered newly discovered evidence. Consequently, the Court hereby denies the motion to alter the judgment on this basis.

#### 2. *The second personal computer*

██ Next, the Court finds the Debtor's contention that it made a factual error with respect to the disclosure of the second personal computer lacks merit. The Debtor testified at trial that on the date he filed bankruptcy, he owned two personal computers. *See* Trial Transcript at p. 66, lines 3–7. Only one computer was listed on Schedule B. The Debtor contends in the instant motion that on Schedule C, when he claimed a $750.00 exemption for "Tools of Trade," he was referring to the second personal computer. The Court finds this argument disingenuous. The Debtor did not define his "Tools of Trade" as a freight forwarder or bother to specify of what they consisted. The Court is not required to engage in guessing games when trying to ascertain whether the Debtor made a full and accurate disclosure of his assets and liabilities. *See Netherton v. Baker (In re Baker)*, 205 B.R. 125, 133 (Bankr. N.D.Ill.1997). The disclosure of the second computer apparently was not made until the Debtor testified at trial, and certainly not prior thereto. The Court finds that the Debtor had every opportunity prior to trial to inform the Court that he in fact meaningfully disclosed the second computer under "Tools of Trade" on Schedule C.

The Court notes that on Schedule B, Item 4, the Debtor had the opportunity to fully disclose all of his computer equipment. His belated explanation that he characterized it as "Tools of Trade" lacks credence. In addition, the Debtor's argument that he disclosed the two computers to his attorney who failed to properly list the second one also fails. The Court finds this explanation insufficient and unpersuasive and, if the Debtor did rely on the advice of counsel in scheduling the computer as "Tools of Trade," such reliance was not reasonable. *See Furr v. Godley (In re Godley)*, 164 B.R. 780, 782 (Bankr.S.D.Fla. 1994) (court rejected debtor's claim that he relied on advise of counsel in failing to list assets on the bankruptcy schedules). The Debtor now candidly admits that the Amended Schedule C was improper. It is

not for this Court to siphon through the Schedules to determine whether or not all assets are properly scheduled. Thus, the Court finds that it did not commit any error of fact with respect to the personal computer and the motion to amend the judgment is therefore denied on that basis.

### 3. *The transfer of the home into tenancy by the entirety*

The Debtor testified at trial that he thought that his home was transferred within one year of the bankruptcy filing into tenancy by the entirety. *See* Trial Transcript at p. 47, lines 21–25 and p. 48, lines 1–20. In fact, however, the house was not transferred within one year of the bankruptcy petition. The Debtor claims that the Court erred in finding that the transfer of the home serves as a ground for denial of the discharge.

The Court disagrees with the Debtor's contention. The testimony was undisputed that at the time the Debtor filed the bankruptcy petition and Schedules, he then believed that the home had been transferred into tenancy by the entirety within one year of the filing, but failed to appropriately disclose this on the Schedules. That the Debtor's belief was in fact incorrect does not negate his fraudulent intent. The Debtor's failure to disclose the transfer bears on his fraudulent intent, whether or not the home was in fact actually transferred within the year of the filing. Thus, the Court did not make any manifest errors of fact and the motion must be denied on this ground.

### 4. *The $25,000.00 loan to the Debtor from his father*

The Debtor maintains that his failure to schedule a debt, as opposed to an asset, is not fraudulent within the meaning of §§ 727(a)(2) or 727(a)(4). This argument lacks merit. The Court disagrees with the Debtor's argument that the failure to schedule a debt does not equate with the failure to schedule an asset. Debtors must make full disclosure of all assets and liabilities on their schedules.

Transactions with insiders inherently raise questions for Chapter 7 case trustees to further investigate, which sometimes produce avoidable fraudulent or preferential transfers. Full disclosure of all liabilities and assets under pain of perjury is required so that the complete financial situation of the debtor is spread of record. Disclosure is part of the quid pro quo exchange for a bankruptcy discharge. Intentional concealment of assets and liabilities frustrates this policy.

The Debtor also argues that the Court made inconsistent and contradictory findings with respect to the loan. The Debtor testified that he did not inform Mr. Loutfi that he owed his father $25,000.00. *See* Trial Transcript at p. 44, lines 21–24. Later in his testimony, however, the Debtor stated that he informed Mr. Loutfi that his father had given him the starting capital to incorporate LMI. *Id.* at p. 100, lines 10–15. Mr. Loutfi, on the other hand, testified that he did not remember if the Debtor told him of the $25,000.00 loan from his father. *Id.* at p. 56, lines 19–23. Based on the Debtor's inconsistent testimony, the Court found Mr. Loutfi more credible and found that he was not aware of the loan. Most critical is the salient point that the Debtor failed to disclose the loan on the original Schedules. It was not until the eve of trial that the Debtor filed amended Schedules disclosing the loan. Hence, the motion to alter or amend the judgment is denied on this ground.

### V. *CONCLUSION*

For the foregoing reasons, the Court denies the Debtor's motion to amend the judgment entered on August 19, 1999.

This Opinion constitutes the Court's findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. A separate order shall be entered pursuant to Federal Rule of Bankruptcy Procedure 9021.